**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 06-332-JBC**

**DARRELL G. HESS,**                                                                   **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                   **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon cross-motions for summary judgment on

the plaintiff's appeal of the Commissioner's denial of his application for Disability

Insurance Benefits and Supplemental Security Income (DE 5, 6).  The court, having

reviewed the record and being otherwise sufficiently advised, will deny the

plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to

determining whether there is substantial evidence to support the denial decision and

whether the Secretary properly applied relevant legal standards.  *Brainard v. Sec'y*

*of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson*

*v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla

of evidence, but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Cutlip v.*

*Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not

decide questions of credibility.  *See id.*  Rather, the ALJ's decision must be affirmed

if it is supported by substantial evidence, even though the court might have decided

the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th

Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  At Step 1,

the ALJ considers whether the claimant is performing substantial gainful activity; at

Step 2, the ALJ determines whether one or more of the claimant's impairments are

"severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly

or in combination, meet or equal a listing in the Listing of Impairments; at Step 4,

the ALJ determines whether the claimant can perform past relevant work; and,

finally, at Step 5 – the step at which the burden of proof shifts to the

Commissioner – the ALJ determines, once it is established that the claimant cannot

perform past relevant work, whether significant numbers of other jobs exist in the

national economy which the claimant can perform.  *See Preslar v. Sec'y of Health*

*& Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II.  The ALJ's Determination**

The plaintiff is a forty-year-old male with a high-school-equivalent education

and past relevant work ("PRW") as a warehouse worker, machine shipper and parts

distributor, contract laborer, and farm laborer.  AR 20, 66, 71.  He alleges disability

beginning on June 29, 2003, as a result of degenerative disc disease of the lumbar

spine, spinal stenosis, back and leg pain, and depression.  AR 20, 65.  The plaintiff

filed a claim for Supplemental Security Income ("SSI") on January 30, 2004, and

an application for Disability Insurance Benefits ("DIB") on February 18, 2004, which

were denied initially and on reconsideration.  AR 19.  After a hearing held on

December 28, 2005, Administrative Law Judge ("ALJ") Don C. Paris determined

that the plaintiff did not suffer from a disability as defined by the Social Security

Act.  At Step 1, the ALJ determined that the plaintiff had not engaged in

substantial gainful activity.  At Step 2, the ALJ found that the plaintiff's

degenerative disc disease of the lumbar spine with chronic low back pain, status-

post fracture of the left tibia requiring open reduction internal fixation, and

deformity of the left shoulder with decreased range of motion were severe

impairments.  The ALJ then determined that the plaintiff's impairments did not

meet or equal a listing in the Listing of Impairments at Step 3.  At Step 4, the ALJ

found that the plaintiff was unable to perform his PRW.  The ALJ concluded at Step

5, however, that the plaintiff could perform a significant number of other jobs in the

national economy at the sedentary exertional level.  AR 25-26.  On September 8,

2006, the Appeals Council denied the plaintiff's request for review of the ALJ's

decision, *see* AR 10, and the plaintiff then commenced this action.

### III.  Legal Analysis

The plaintiff objects to the ALJ's determination for the following reasons: (1)

the ALJ failed to consider the plaintiff's impairments in combination; (2) the ALJ

failed to give appropriate weight to the opinion of the plaintiff's treating physician;

and (3) the ALJ erred in his determination of the plaintiff's credibility.[1]   The court

will consider these arguments in turn.

### A.  Combination of Impairments

The plaintiff asserts that the ALJ failed to consider the cumulative effect of

his impairments. An examination of the ALJ's written opinion refutes this

allegation.  The ALJ considered the plaintiff's impairments as a whole in assessing

the plaintiff's claims.  AR 21-23.  In determining whether the plaintiff's

impairments were severe, the ALJ considered each of the plaintiff's complaints and

then considered their combined effect on the plaintiff.  AR 20-22.  The ALJ found

some of the plaintiff's impairments severe within the meaning of the Regulations.

AR 22.[2]   The ALJ considered not only the severe physical impairments, but also the

---

[1] The claimant appears to argue also that the ALJ erred in determining that his "impairments were not severe enough to meet the impairments listed."  DE 5, at 5.  However, the court will not analyze this argument further because the claimant does not allege the presence of any specific listed impairment, and the ALJ considered all of the claimant's impairments in determining that his ailments did not equal a listed impairment.

[2] The ALJ found the following to be severe impairments: degenerative disc disease of the lumbar spine with chronic lower back pain; status-post fracture of the left tibia requiring open reduction internal fixation; and deformity of the left shoulder with decreased range of motion.  AR 22.  The ALJ discussed the plaintiff's symptoms of depression, anxiety, and pain disorder, but found that these mental impairments constituted only mild limitations on the plaintiff's activities, and therefore were non-severe impairments.  *Id.*  The plaintiff's reported activities and testimony and the medical reports of treating and examining sources were considered by the ALJ.  *Id.*  The plaintiff was found to experience only mild limitations in his activities of daily living, social functioning, and in concentration, persistence, and pace.  *Id.*

4

effects of the claimed mental impairments and other non-severe limitations, when determining the plaintiff's residual functional capacity ("RFC"). *Id.* In making the RFC assessment, the ALJ considered "all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." *Id.* The court finds that the ALJ properly considered the plaintiff's impairments singly and in combination. *See Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990).

### B. Treating Physician

The plaintiff also claims that the ALJ improperly rejected the opinion of his treating physician, Dr. Phillip Tibbs, who opines that the plaintiff is disabled and unable to work due to his incapacitation. AR 136-45, 264-68. The opinions of a treating physician are entitled to significant deference. *See, e.g., Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Farris v. Sec. of Health and Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985). If the opinion of a treating physician is not contradicted, it is entitled to complete deference. *Walker v. Sec. of Health and Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). If the opinion of a treating source is not accorded controlling weight, the ALJ must consider factors such as the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the source's specialization, in determining the weight to give the opinion. *Wilson*, 378

F.3d at 544.  An ALJ may, however, reject the opinion of a treating physician when that opinion is not sufficiently supported by medical findings.  *Walter v. Comm'r*, 127 F.3d 525, 530 (6th Cir. 1997); *Cutlip v. Sec'y of Health and Human Servs.,* 25 F.3d 284, 287 (6th Cir. 1994) (When substantial medical evidence exists to the contrary, the ALJ is not bound by the treating physician's opinion.)*; Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993).

While a treating physician's medical opinions can have controlling weight, medical opinions "are statements from physicians . . . that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions."  20 C.F.R. §404.1527(a)(2).  Thus, other issues are reserved to the Commissioner, such as the decision of whether the plaintiff meets the statutory definition of disability.  The ALJ is not bound by a treating physician's statement that a claimant is "disabled" or "unable to work."  20 C.F.R. §404.1527(e)(1); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

The ALJ considered the medical opinions of all acceptable medical sources, including their judgments about the nature and severity of the claimant's impairments and resulting limitations. AR 22.  In his hypothetical question to the Vocational Expert, the ALJ carefully considered the opinions of the claimant's treating physician, Dr. Tibbs, and essentially adopted his recommendations as to

6

the claimant's limitations.  AR 307.[3]  The ALJ did not adopt Dr. Tibbs's finding that

the claimant is limited to sitting for two hours in an eight-hour workday, and

instead found, based on the record, that he can sit for six hours.  AR 23.[4]  Some of

the claimant's doctors and physical therapists recommend that the claimant

gradually increase his activity level.  AR 134, 236.  Dr. Tibbs, in his evaluation of

the claimant, noted that he has normal knee and ankle reflexes and normal

strength.  AR 136.  The claimant saw a doctor regarding some of his same

impairments prior to his alleged onset date, and yet he continued to work.  AR 159-

63; *see Blacha v. Sec'y of Health and Human Servs.,* 927 F.2d 228, 231 (6th Cir.

1990) (finding that a claimant's continuing to work after being injured is significant

evidence).  The ALJ evaluated how the claimant's symptoms affected him based on

all the evidence in the record and found that the claimant can perform sedentary

work.  AR 23.  Thus, the record as a whole supports the ALJ's finding that the

claimant is capable of performing a limited range of sedentary work.  *See* 20 C.F.R.

---

[3] The ALJ limited the claimant to occasionally lifting ten pounds, even though Dr. Tibbs marked on one report that the claimant could occasionally lift up to fifty pounds.  AR 23, 141, 307. In a separate report completed a year later, Dr. Tibbs stated that the claimant can rarely lift and carry less than ten pounds and never lift ten pounds or more, but he does not give any basis for the increased restrictions. AR 267.  Where a treating physician gives an opinion that is contrary to a previously expressed opinion by that same treating physician, the ALJ may reject the opinion as long as there is no evidence of the claimant's condition worsening. *Hall v. Bowen*, 837 F.2d 272, 276 (1988).

[4] This is consistent with the opinion of Dr. John Rawlings, who found the claimant limited to six hours of sitting in an eight-hour workday, and it is consistent with the claimant's daily activities and other evidence in the record.  AR 186.

§ 404.967(a).  Though a treating physician's opinions are ordinarily given

significant deference, the court finds that the ALJ did not err in not fully accepting

Dr. Tibb's medical assessment, as it was inconsistent with some of the physician's

own findings and with the remainder of the evidence in the record.

### C.  The ALJ's Credibility Determination

The claimant argues that the ALJ erred in his determination because he did

not consider the claimant's testimony regarding the pain associated with his

restrictions.  The court construes these allegations as an argument that the ALJ

improperly evaluated the claimant's credibility.  The Commissioner is required to

consider all of a claimant's symptoms, including pain, in determining whether he is

disabled.  20 C.F.R. § 404.1529(a).  Before these symptoms will lead to a finding

of disability, however, medical signs must exist which show the claimant has an

impairment which could reasonably be expected to produce the symptoms alleged.

20 C.F.R. § 404.1529(b).  When such medical signs are present, the Commissioner

must then evaluate how the intensity and persistence of the symptoms affect the

claimant's ability to work.  20 C.F.R. § 404.1529(c); *see also Felisky v. Bowen*, 35

F.3d 1027, 1038-39 (6th Cir. 1994) (citing *Duncan v. Sec'y of Health and Human

Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).  In performing this inquiry, the ALJ

must consider the objective medical evidence, evidence of the claimant's daily

activities, the frequency and intensity of the claimant's pain, any precipitating or

aggravating factors, any medications taken to alleviate the pain, and any other

measures taken to remedy the claimant's pain.  *See Felisky*, 35 F.3d at 1039-40;
20 C.F.R. § 404.1529(c)(3).  Although an ALJ's credibility findings are to be
accorded significant deference, an ALJ's assessment of a claimant's credibility
must be supported by substantial evidence.  *Walters v. Comm'r of Soc. Sec.*, 127
F.3d 525, 531 (6th Cir. 1997).

The ALJ in this case "carefully considered the claimant's allegations of
disabling impairments" but did not deem those allegations entirely credible.  AR 22.
The ALJ notes that the claimant received lumbar epidural steroid injections that
provided relief from his symptoms in the past.  *Id.*  The claimant is additionally
prescribed and completes a home exercise program by his physical therapist. AR
284-85.  Noting that it was reasonable for the claimant to experience pain
associated with his degenerative disc disease, the ALJ continued that "his daily
activities would indicate that he is not totally incapacitated by his impairment."  AR
22.  The record reveals that the claimant is able to attend his daughter's school
activities, including her band concerts. AR 22, 116.   He sometimes prepares lunch
for his children and drives to the local store to get school supplies.  AR 22, 294.
His daily activities include reading magazines and watching television.  AR 22, 294.
Additionally, "[h]e watches the children ride their pony and he visits with neighbors
and family members." AR 22, *see also* AR 85.  With the help of prescribed Ambien,
the claimant is able to sleep.  *Id.*

"As a matter of law, an ALJ may consider household and social activities in

9

evaluating complaints of disabling pain." *Blacha v. Sec'y of Health and Human Services,* 927 F.2d 228, 231 (6th Cir. 1990).  The ALJ's assessment of the plaintiff's credibility and pain was based on substantial evidence, including the ALJ's assessment of the plaintiff's testimony, his daily activities, and the medical record; therefore, the court will not disturb it.

    **IV. Conclusion**

    Accordingly,

    **IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 6) is **GRANTED**.

    **IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 5) is **DENIED**.

    Signed on  March 24, 2008

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY